# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: MARVIN REX RANKIN III <br> SSN: xxx-xx-3901 <br><br> and <br><br> MARY BETH LEMMOND RANKIN <br> SSN: xxx-xx-7950 <br><br> Debtors. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 20-80495-CRJ-11 <br><br><br><br><br><br><br> CHAPTER 11 |

**DEBTORS' MOTION FOR AN ORDER: PROHIBITING UTILITIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES; AND <u>APPROVING THE PROPOSED ADEQUATE ASSURANCE TO THE UTILITIES</u>**

COME NOW Marvin Rex Rankin III and Mary Beth Lemmond Rankin (the "Debtors") and show unto this Honorable Court the following:

### Background

1. On February 18, 2020, the Debtors commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code.

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Debtors are residents of Morgan County, Alabama.

### Relief Requested

5. The Utilities relevant to this case are as follows:

    a. Decatur Utilities – (average bill $750 per month)

    b. AT&T – (average bill $160 per month)

    c. Verizon Wireless – (average bill $300 per month)

d. Spectrum, a division of Charter Communications – (average bill $300 per month)

6. The services provided by the Utilities are essential to the Debtors' business and personal lives; interruption of such services could diminish the Debtors' chances for a successful reorganization.

7. 11 U.S.C. § 366 governs the rights and obligations of utility companies as providers of utility services to the Debtors. This section of the U.S. Code allows this Court to determine adequate assurance of payment to the Utilities.

8. The Debtors previously have not been required to provide any cash deposits to the Utilities for assurance of payment.

9. The Debtors state to this Court that they anticipate generating a net operating profit during the pendency of this case and they intend to pay all valid post-petition obligations owed to the Utilities.

10. The Debtors further offer to set aside 50% of one month's services to each of the Utilities in their DIP bank account as adequate assurance of payment ($375.00 for Decatur Utilities; $80.00 for AT&T; $150.00 for Verizon Wireless and $150.00 for Spectrum).

11. The Debtors aver that their set aside of cash and the statement of intent to pay all valid post-petition obligations owed to the Utilities constitute adequate assurance to the Utilities.

WHEREFORE, the Debtors respectfully request that this Court enter an Order: prohibiting the Utilities from altering, refusing, or discounting services; approved the Debtors' proposed adequate assurance to the Utilities; and granting such other and further relief as this Court deems just and proper.

Respectfully submitted this the 18th day of February, 2020.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that this the 18th day of February, 2020, I have this day served the foregoing motion on all parties requesting notice, all parties listed on the Clerk's Certified Matrix, Verizon Wireless, 180 Washington Valley Road, Bedminster, NJ 07921, Decatur Utilities, 1002 Central Parkway SW, Decatur, AL 35601, AT&T, P.O. Box 5014, Carol Stream, IL 60197, Spectrum, a division of Charter Communications, 12405 Powerscourt Drive, St. Louis, MO 63131 and Richard Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV