IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: MARVIN REX RANKIN III[1] | ) | |
| SSN: xxx-xx-3901 | ) | Case No.: 20-80495-CRJ-11 |
| | ) | |
| and | ) | |
| | ) | |
| MARY BETH LEMMOND RANKIN | ) | |
| SSN: xxx-xx-7950 | ) | |
| | ) | |
| Debtors. | ) | CHAPTER 11 |
| | ) | |

**MOTION FOR AUTHORITY TO SELL ASSET FREE AND CLEAR OF LIENS
AND NOTICE OF SALE AND DEADLINE FOR SUBMITTING OBJECTIONS**

COMES NOW Bayport Corporation, Ltd., as the Chapter 11 Debtor-in-Possession (the "**Debtor**" and "**Bayport**"), and shows this Court as follows:

**Jurisdiction and Notice**

1. On February 13, 2020, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code.

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Per 28 U.S.C. §§ 1408 and 1409, venue is proper before this Court.

3. Pursuant to Bankruptcy Rule 2002, the Debtor proposes to serve a copy of this Motion upon the Bankruptcy Administrator, all creditors, and all parties requesting notice.

4. Pursuant to Bankruptcy Rule 2002, the Debtor proposes that the Bankruptcy Court provide no less than 20 days' notice by mail to all creditors of the time within which objections to the relief requested in this Motion must be filed and of the hearing on any such objections.

---

[1] In addition to Marin Rex Rankin III and Mary Beth Lemmond Rankin., the Debtors include the following: RWS Charter LLC, Case No. 20-80470-CRJ-11; and Bayport Corporation, Ltd., Case No. 20-80471-CRJ-11

5. The Debtor is a business entity organized in the Turks and Caicos Island, an Overseas Territory of the United Kingdom. The Debtor is a registered foreign entity in this country that operates its business from Morgan County, Alabama and owns real property in Madison County, Alabama.

### Background

6. The Debtor owns real property in Madison County consisting of several undeveloped tracts in the vicinity of Old Dry Creek Road, Country Day Lane and Old Monrovia Road. As further reference, this property is located northwest of the old Madison Square Mall site and just east of the Village of Providence.

7. All of the Debtor's real property is subject to a mortgage lien of Bryant Bank recorded in the Office of the Judge of Probate for Madison County, Alabama on June 22, 2016 and designated as Instrument # 2016-00344130. This mortgage holder has not filed a proof of claim in this Chapter 11 case.

8. This motion relates to a portion of the Debtor's real property described as a 3.37 vacant lot located on the south margin of Old Monrovia Road, Huntsville, Alabama 35806 and described with particularity in the attached Exhibit "A" (the "**Property**").

9. No other known liens or mortgages encumber the Property.

10. Earlier this year, the Property appraised for a fair market value of $539,000.00.

### Facts

11. The Debtor's Court-approved real estate agent, Bill Blue of John Blue Realty, LLC, (the "**Agent**") has obtained a sales contract (the "**Contract**") with Stonehenge Real Estate Group, LLC (the "**Buyer**") to pay $600,000.00 in cash for the Property. A true and correct copy of the Contract is attached and incorporated herein as Exhibit "A."

12. The Debtor has also prepared an estimated closing statement for this proposed sale, which is attached and incorporated herein as Exhibit "B."

13. The Buyer is not an Insider, as defined by the Bankruptcy Code, or otherwise connected to the Debtor, its management, or its professionals.

## Marketing Efforts

14.     The Agent, or its predecessor, has marketed the Property for approximately three years.

15.     The Agent believes that this is by far the best offer it has received on the property and that it has no prospects of obtaining a better offer before it would eventually lose the property to foreclosure by the mortgage holder.

16.     Accordingly, the Debtor avers that the Contract constitutes the best method to pay maximum value to the Bankruptcy Estate in the timeliest manner possible.

17.     Bryant Bank does not object to the Contract or to the sale of the Property.

## Terms of Sale

18.     Said sale is to be conducted as a private sale to the Buyer with the following terms and conditions of sale:

   a.     The sales contract is subject to a satisfactory inspection by the Buyer for all conditions material to the Buyer's decision to purchase within ninety (90) days after approval by this Court. If no major defects and/or conditions are identified, the sales contract will be fully enforceable, and a closing of the sale will take place.

   b.     At closing, Buyer will tender to the Debtor a check made payable to Bayport Corporation, Ltd. for the total net amount due to the Seller at closing, after satisfying Bryant Bank's release price.

   c.     The Debtor will execute and provide the Buyer with a deed fully conveying the Bankruptcy Estate's interest in the subject real property, free and clear of liens and encumbrances, pursuant to 11 U.S.C. § 363. The property is being sold "as is" with no other warranties or guarantees.

   d.     The estimated closing costs for the Debtor are set out in detail in the attached Exhibit "B."

   e.     **The Closing Agent, if any, will serve as the Debtor's designated agent for the purpose of closing this sale and distributing the proceeds in compliance with this Notice and any Order to be issued by the Court.**

19. This motion will be heard at a date, time, and location to be set by the Court. **Any objection to the sale shall be filed with the U.S. Bankruptcy Court before the hearing date set by the Court, and served upon the undersigned. Any objection should state specifically in writing why the sale should not be consummated.**

WHEREFORE, the Debtor respectfully requests that the Court enter an order: authorizing the sale, pursuant to 11 U.S.C. § 363, of the Debtor's real property, as outlined in this motion, free and clear of all liens and encumbrances; and granting such other and further relief as the Court deems just and appropriate.

Respectfully submitted this 22nd day of April, 2020.

/s/ *Tazewell T. Shepard III*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL 35804
Tel: (256) 512-9924
taze@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 22nd day of April, 2020, served the foregoing document upon all addressees on the Clerk's Mailing Matrix, John Blue Realty, LLC, 218 Randolph Street, Suite B, Huntsville, AL 35801, Stonehenge Real Estate Group, LLC, 330 Franklin Road, Suite 135A-591, Brentwood, TN 37027 and Richard M. Blythe, Office of the Bankruptcy Administrator, P.O. Box 3045, Decatur, AL 35062 by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail.

*/s/ Tazewell T. Shepard III*
Tazewell T. Shepard III