# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

In re:  MARVIN REX RANKIN III[1]          )
      SSN: xxx-xx-3901                     )          Case No.: 20-80495-CRJ-11
                                                    )
        and                                    )
                                                    )
      MARY BETH                             )
      LEMMOND RANKIN                    )
      SSN: xxx-xx-7950                     )
                                                    )
      Debtors.                                   )          CHAPTER 11
      _____)

## DEBTOR'S OBJECTION TO PROOF OF CLAIM OF
## ALLY BANK [CLAIM DOC. 6-1]

COMES NOW Marvin Rex Rankin III (the "**Debtor**"), and shows unto this Honorable Court as follows:

## Background

1.      On February 8, 2020, the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code.

2.      This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The Debtor is a resident of Morgan County, Alabama.

## Proof of Claim 6-1

4.      Claimant Ally Bank (the "**Creditor**") filed proof of claim docket number 6-1 on April 20, 2020 (the "**Claim**").

5.      Two months later, the Creditor filed a motion to lift the 11 U.S.C. § 362 Automatic Stay (the "**Motion**") [Doc. 64].

---

[1]      In addition to Marin Rex Rankin III and Mary Beth Lemmond Rankin., the Debtors include the following: RWS Charter LLC, Case No. 20-80470-CRJ11; and Bayport Corporation, Ltd., Case No. 20-80471-CRJ11

6.      In the Motion, Creditor sought relief from this Court to repossess a 2014 Dodge Grand Caravan (the "**Collateral**").

7.      The Debtor consented to stay relief for purposes of repossessing the Collateral. This Court entered an order on July 1, 2020 granting such relief and denying Creditor's request for attorney's fees and costs [Doc. 78].

## Relief Sought

8.      The Debtor and the bankruptcy estate have no direct property interest in the Collateral.

9.      While the Creditor may be entitled to file an unsecured deficiency claim following liquidation of the Collateral, Creditor is not entitled to secured-status for purposes of the Debtor's disclosure statement and plan of reorganization.

10.     Accordingly, the Debtor objects to Proof of Claim 6-1 on grounds that the Creditor has received stay relief and its secured claim should be extinguished as moot.

WHEREFORE, premises considered, the Debtor respectfully requests this Court to enter an Order: sustaining its objection to proof of claim 6-1; and granting such relief as this Court deems just and proper.

Respectfully submitted this the 6th day of July, 2020.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys to Chapter 11 Debtor*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

**CERTIFICATE OF SERVICE**

This is to certify that I have this the 6th day of July, 2020 served the foregoing document upon the Debtor's 20 largest unsecured creditors, Richard Blythe, Esq., Office of the Bankruptcy Administrator, Paul J. Spina, Esq., Attorney for Ally Bank, Ally Bank, P.O. Box 130424, Roseville, MN 55113-004, and all persons requesting notice by electronic service through the Court's CM/ECF system and/or by depositing said copies in the United States Mail in properly addressed envelopes with adequate postage thereon.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV