# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In re: MARVIN REX RANKIN III[1]<br>SSN: xxx-xx-3901 | ) ) ) | Case No.: 20-80495-CRJ-11 |
| and | ) ) | |
| MARY BETH LEMMOND RANKIN<br>SSN: xxx-xx-7950 | ) ) ) ) | |
| Debtors. | ) ) ) | CHAPTER 11 |

## APPLICATION BY DEBTOR
## TO EMPLOY SPECIAL COUNSEL

COMES NOW Marvin Rex Rankin III and Mary Beth Lemmond Rankin, RWS Charter, LLC and Bayport Corporation, Ltd. (the "**Debtors**") and shows unto this Honorable Court the following:

### Background

1. On February 13, 2020 (the "**Commencement Date**"), the Debtor commenced with this Court a voluntary case under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Code**").

2. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors are individual residents of Morgan County, Alabama and two business entities legally operating in Alabama.

4. In September 2019, Hurricane Dorian destroyed Bye-Luv-Ya-Sea-Ya, a luxury yacht owned by the Debtors (the "**Yacht**").

---

[1] In addition to Marin Rex Rankin III and Mary Beth Lemmond Rankin., the Debtors include the following: RWS Charter LLC, Case No. 20-80470-CRJ11; and Bayport Corporation, Ltd., Case No. 20-80471-CRJ11

5. A dispute has arisen between the Debtors, the insurance carrier, insurance affiliates, and other related parties concerning insurance coverage, breach of contract, negligence, fraud, and other matters related to liability for the Yacht.

6. The Debtors have determined that it is in their best interest to employ special counsel to advise them on matters of complex insurance coverage. The Debtors, with the assistance of proposed special counsel and their Court-employed Chapter 11 general counsel, intend to file an action against the insurance carrier, affiliates, and other related parties (the "**Yacht Lawsuit**").

## Relief Requested

7. The Estate appears to be capable of reorganization, which the Debtors can best accomplish through the employment of proposed special counsel to pursue the Yacht Lawsuit with the goal of creating a distribution to the holders of allowed claims in these cases.

8. In the opinion of the Debtors, employment of the law firm of Richardson Maples, PC as attorneys would be in the best interest of the Chapter 11 bankruptcy estates.

9. While the Debtors have previously employed the law firm of Sparkman, Shepard & Morris, P.C. ("**SSM**") as general counsel in these bankruptcy cases, the subject-matter expertise of Richardson Maples, PC will assist the Debtors and SSM to obtain maximum value for the Debtors' Chapter 11 bankruptcy estates. The Debtors anticipate Richardson Maples PC and SSM collaborating on the Yacht Lawsuit.

10. James H. Richardson and Jacob A. Maples are duly qualified attorneys in and under the laws of the State of Alabama, duly admitted to practice before the courts of the State of Alabama, "disinterested persons" as that term is defined in Section 101(13) of the Bankruptcy Code and qualified to act as attorney in this case.

11. The hourly billing rate for Mr. Richardson is $400.00 and for Mr. Maples is $350.00.

12. No agreement exists between the proposed special counsel and any other person or entity for the sharing of compensation or expenses in this case.

WHEREFORE, the Debtors pray to be authorized to employ Richardson Maples, PC as special counsel for the Debtors in this case, and to have such other and further relief as is just.

Respectfully submitted this the 28th day of July, 2020.

*/s/ Tazewell T. Shepard III*
Tazewell T. Shepard III
Tazewell T. Shepard IV
*Attorneys for the Debtor*

Of Counsel:

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P. O. Box 19045
Huntsville, AL  35804
Tel: (256) 512-9924
Fax: (256) 512-9837

## VERIFIED STATEMENT BY ATTORNEY

Pursuant to Bankruptcy Rule 2014(a), the undersigned hereby states to the Court that he and his law firm have no connection, financial or otherwise, with the Debtors, the Debtors' creditors or any other party in interest and that he knows of no conflict or potential conflict of interest with his proposed appointment as attorney for the Debtors.

*/s/ James H. Richardson*
James H. Richardson

## CERTIFICATE OF SERVICE

This is to certify that this the 28th day of July, 2020, I have this day served the foregoing motion on all parties requesting notice, all parties listed on the Clerk's Certified Matrix and Richard Blythe, Office of the Bankruptcy Administrator, by electronic service through the Court's CM/ECF system and/or by placing a copy of same in the United States Mail, postage pre-paid.

*/s/ Tazewell T. Shepard IV*
Tazewell T. Shepard IV