IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **MARVIN REX RANKIN, III** | ) Case No: 20-80495 |
| **MARY BETH LEMMOND RANKIN** | ) |
| *aka Mary Beth Lemmond* | ) Chapter 11 |
| *fdba Chop Chop* | ) |
|     Debtors. | ) |
| | ) |
| | ) |
| **JPMORGAN CHASE BANK, N.A.,** | ) |
| | ) |
|     Creditor. | ) |
| | ) |
| | ) |
| **MARVIN REX RANKIN, III** | ) |
| **MARY BETH LEMMOND RANKIN** | ) |
| *aka Mary Beth Lemmond* | ) |
| *fdba Chop Chop* | |
|     Defendant. | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

    **COMES NOW** Renasant Bank, hereinafter referred to as "Creditor", and moves the Court for relief from the automatic stay, pursuant to Rule 1001(a) and Rule 9014, for an Order terminating the automatic stay so that Creditor proceed with its state law rights and remedies including repossessing and disposing of certain collateral described herein. As grounds for said motion, Creditor offers the following:

1. On March 4, 2019, Marvin Rex Rankin III executed and delivered a Promissory Note, hereinafter referred to as the "Note", for a 24-month vehicle loan wherein Debtor promised to pay the original principal amount of $20,156.50, together with interest of 7.5% per annum on the principal, payable in 23 regular payments of $500.00 each beginning on April 15, 2019, and one last irregular payment on March 15, 2021 estimated at $11,059.95. A true and correct copy of the Note is attached hereto as Exhibit A.

2. To secure all payments under the Note, Debtors granted Creditor a security interest in the following described collateral: 2009 Land Rover Range Rover, VIN SALMF13459A305014 (the "Collateral"). A true and correct copy of the Certificate of Title is attached hereto as Exhibit B.

3. Creditor has a perfected security interest in the Collateral.

1

4. The Debtors have failed to make any payments under the Note beginning with the February 20, 2020 payment and all subsequent payments thereafter. As of August 20, 2020, the loan is past due in the amount of $3,650.00. Further, upon information and belief the vehicle continues to be utilized by the Debtors causing further diminution in value based upon excess depreciation.

5. In Schedule D of the Debtors' Chapter 11 Petition, the Debtors listed the value of the collateral at $7,000.00. As of August 20, 2020, the debt secured by the Collateral is $17,319.52, which exceeds the value of the Collateral. Accordingly, Creditor is not adequately protected, and the Debtors' have no equity in the Collateral.

6. The Collateral is not necessary for the Debtors' effective reorganization.

7. Creditor requests relief from the Automatic Stay to protect its interests and proceed with taking possession of the Collateral and disposing of same in accordance with and under state law rights and remedies.

8. Creditor additionally requests that the provisions of Rule 4001(a)(3) be waived and that Creditor be allowed to immediately enforce any order entered granting Creditor relief from the automatic stay.

**WHEREFORE, PREMISES CONSIDERED,** Creditor requests that this Honorable Court enter an Order lifting the automatic stay as to the Debtors to allow Creditor to obtain possession of its Collateral and liquidate same under state law.

Respectfully submitted,

DAVIS LAW FIRM, P.C.

*/s/ C. Paul Davis*
C. Paul Davis, Esq. (DAV087)
(ASB-1649-D26C)
pdavis@cpdlaw.com
5016 Littlebury Road SE
Huntsville, Alabama 35802
(256) 503-7097 Telephone
(256) 330-0505 Facsimile

Attorney for Creditor Renasant Bank

**CERTIFICATE OF SERVICE**

       I hereby certify that this the 25th day of August, 2020, I served a true and correct copy of the foregoing by CM/ECF and/or U.S.P.S. to the following as well as the 20 largest unsecured creditors listed in this case:

| Served by U.S.P.S. to: | Served by CM/ECF to: |
|---|---|
| Debtors<br>Marvin Rex Rankin, III<br>303-D Beltline Place SW, #601<br>Decatur, AL 35603 | Debtor's Attorney<br>Tazewell Shepard<br>Tazewell Shepard, P.C.<br>P.O. Box 19045<br>Huntsville, AL 35804 |
| Mary Beth Lemmond Rankin<br>901 E. Main Street<br>Hartselle, AL 35640 | (256) 512-9924<br>Email: taze@ssmattorneys.com |

                                                            */s/ C. Paul Davis*
                                                               C. Paul Davis

# EXHIBIT A

Promissory Note

4

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $20,156.50 | 03-04-2019 | 03-15-2021 | 2010006674-8 | 0305 / VU | | 31594 | Jul |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item.
Any item above containing "***" has been omitted due to text length limitations.

Borrower: Marvin Rex Rankin III
801 Island Way NW
Decatur, AL 35601

Lender: Renasant Bank
Stratford Road Office
1309 Stratford Rd SW
Decatur, AL 35601
(877) 367-5371

Principal Amount: $20,156.50     Interest Rate: 7.500%     Date of Note: March 4, 2019

**PROMISE TO PAY.** I ("Borrower") promise to pay to Renasant Bank ("Lender"), or order, in lawful money of the United States of America, the principal amount of Twenty Thousand One Hundred Fifty-six & 50/100 Dollars ($20,156.50), together with interest on the unpaid principal balance from March 4, 2019, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 7.500% per annum, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in 23 regular payments of $500.00 each and one irregular last payment estimated at $11,059.95. My first payment is due April 15, 2019, and all subsequent payments are due on the same day of each month after that. My final payment will be due on March 15, 2021, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; and then to any late charges. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**INTEREST CALCULATION METHOD.** Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the interest rate over the number of days in a year (366 during leap years), multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in my making fewer payments. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: Renasant Bank, P O Box 4140 Tupelo, MS 38803.

**LATE CHARGE.** If a payment is 10 days or more late, I will be charged 5.000% of the unpaid portion of the regularly scheduled payment or $18.00, whichever is greater.

**INTEREST AFTER DEFAULT.** Upon maturity, whether scheduled or accelerated by Lender because of my default, the total sum due under this Note will continue to accrue interest at the interest rate under this Note.

**BALLOON PAYMENT.** If a payment is more than one and one half times as large as the average of my earlier scheduled payments and if my loan is not in default, I have the right to refinance the amount of the payment at the time it is due on terms no less favorable than those contained in my Note. I may exercise this right by taking the following actions on or before the due date of the payment: a) giving Lender written notice of my intention to exercise this right, b) making a payment in the same amount as my earlier regular payments on or before the due date of the payment, and c) executing a new note and any security documents or other documents required by Lender to refinance the remaining amount due on the same terms.

**DEFAULT.** I will be in default under this Note if any of the following happen:

Payment Default. I fail to make any payment when due under this Note.

Break Other Promises. I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

False Statements. Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

Death or Insolvency. Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; or I make an assignment for the benefit of creditors. Any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

Taking of the Property. Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

Defective Collateralization. This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

Collateral Damage or Loss. Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

Events Affecting Guarantor. Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**LENDER'S RIGHTS.** Upon the occurrence of any default described in the "Death or Insolvency" or "Taking of the Property" clauses, to the extent that any such default by a guarantor relates to the matters described in the clause "Death or Insolvency" of the paragraph entitled "DEFAULT", the entire unpaid principal balance under this Note and all accrued unpaid interest shall become immediately due, without notice, declaration or other action by Lender, and then I will pay that amount. Upon the occurrence of any other default described in that paragraph, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, without notice, and then I will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** I agree to pay attorneys' fees to Lender in connection with closing, amending or modifying the loan. In addition, I agree to pay attorneys' fees not exceeding fifteen percent (15%) of the unpaid debt after default and referral to an attorney who is not Lender's salaried employee. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER.** Lender and I hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or me against the other.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Alabama without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Alabama.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether

endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

PRIOR TO SIGNING THIS NOTE, I READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I AGREE TO THE TERMS OF THE NOTE.

I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

THIS NOTE IS GIVEN UNDER SEAL AND IT IS INTENDED THAT THIS NOTE IS AND SHALL CONSTITUTE AND HAVE THE EFFECT OF A SEALED INSTRUMENT ACCORDING TO LAW.

This Notice is required by Alabama law. In this Notice the term "you" means the Borrower named above.

CAUTION - - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

BORROWER:

X _____ [Seal]
Marvin Rex Rankin III

LaserPro, Ver. 18.3.10.008 Copr. Finastra USA Corporation 1997, 2019. All Rights Reserved. - AL L:\CFI\LPL\D20.FC TR-150345 PR-27

## Primary Document: Alabama Title

**Application Type: Add Lien**

| Title Number | Issue Date |
|---|---|
| 53218588 | 3/16/2017 |

**Vehicle** VIN: SALMF13459A305014
2009 Land Rover RANGE ROVER Sedan (4 Door)
8 Cylinders, Gas
Exempt

**Vehicle Brands**
- Odometer: Exempt from Disclosure

**Owner**
RANKIN REX III
810 Island Way, Decatur, AL 35601

**Primary Lien** (3/4/2019)
RENASANT BANK
209 Troy St, TUPELO, MS 38802
(662) 680-1050

**Supporting Documents**
- Alabama Title with title number 53218588 (issued on 3/16/2017)
- A lien release for the lien recorded by TITLEMAX OF ALABAMA, INC. on 2/27/2017

**Signatures (Felony Offense For False Statements)**

I, the undersigned, certify that the vehicle described above is owned by me and I hereby make application for said motor vehicle and this vehicle will not be the subject of lien prior to receipt of title unless indicated above. I further certify, under penalties of perjury, that all information contained in this application and its attachments is true and correct to the best of my knowledge and belief.

Owner: _[signature]_ RANKIN REX III   Date: 3/4/19

I hereby certify that the above described vehicle has been physically inspected by me as a designated agent of the Department, as required by law and that the V.I.N and descriptive data shown on this application are correct. I further certify that I identified the person(s) signing the application and witnessed the signature(s).

Designated Agent: _[signature]_ RENASANT BANK (52-00240-00)   Date: 3-4-19

ATTENTION APPLICANT: You can track the status of your title application by entering the title application number listed above at the following website: titlestatus.mvtrip.alabama.gov

A signed copy of this application shall, in accordance with Section 32-8-38, Code of Alabama 1975, serve as a permit for the operation of the motor vehicle described above until the revenue department issues a certificate of title or refuses to issue a certificate of title and shall continue to serve as evidence of ownership and as a permit for the operation of the vehicle after title is issued.

Case 20-80495-CRJ11    Doc 137    Filed 08/25/20    Entered 08/25/20 10:47:27    Desc
Main Document    Page 7 of 10

| Title Number | Issue Date |
|---|---|
| 53218588 | 3/16/2017 |

**Vehicle** VIN: SALMF13459A305014
2009 Land Rover RANGE ROVER
Sedan (4 Door)
8 Cylinders, Gas
Exempt

**Vehicle Brands**
- Odometer: Exempt from Disclosure

**Owner**
RANKIN REX III
810 Island Way, Decatur, AL 35601

**Primary Lien** (3/4/2019)
RENASANT BANK
209 Troy St, TUPELO, MS 38802
(662) 680-1050

**Supporting Documents**
- Alabama Title with title number 53218588 (issued on 3/16/2017)
- A lien release for the lien recorded by TITLEMAX OF ALABAMA, INC. on 2/27/2017

**Signatures (Felony Offense for False Statements)**

I, the undersigned, certify that the vehicle described above is owned by me and I hereby make application for said motor vehicle and this vehicle will not be the subject of lien prior to receipt of title unless indicated above. I further certify, under penalties of perjury, that all information contained in this application and its attatchments is true and correct to the best of my knowledge and belief.

Owner: RANKIN REX III     Date: 3/4/19

I hereby certify that the above described vehicle has been physically inspected by me as a designated agent of the Department, as required by law and that the V.I.N and descriptive data shown on this application are correct. I further certify that I identified the person(s) signing the application and witnessed the signature(s).

Designated Agent: RENASANT BANK (52-00240-00)     Date: 3-4-19

ATTENTION APPLICANT: You can track the status of your title application by entering the title application number listed above at the following website: titlestatus.mvtrip.alabama.gov

A signed copy of this application shall, in accordance with Section 32-8-38, Code of Alabama 1975, serve as a permit for the operation of the motor vehicle described above until the revenue department issues a certificate of title or refuses to issue a certificate of title and shall continue to serve as evidence of ownership and as a permit for the operation of the vehicle after title is issued.

# EXHIBIT B

Title Certificate



# STATE OF ALABAMA
## DEPARTMENT OF REVENUE

### CERTIFICATE OF TITLE FOR A VEHICLE

| TITLE NO. | VEHICLE IDENTIFICATION NUMBER | USAGE CODE | ISSUE DATE |
|---|---|---|---|
| 101680360 | SALMF13459A305014 | 5 | 03/29/2019 |

| YR MODEL | MAKE | MODEL | BODY TYPE | PREV AL TITLE NO |
|---|---|---|---|---|
| 2009 | LAND ROVER | RANGE ROVER | 4D | 53218588 |

| | | | COLOR | ODOMETER |
|---|---|---|---|---|
| 05 | XX | 1 | WHITE | EXEMPT |

RANKIN REX III
510 ISLAND WAY
DECATUR AL 35601

MAIL TO:
RENASANT BANK
209 TROY ST
TUPELO MS 38802

LIENHOLDER:
03/04/2019
RENASANT BANK
209 TROY S
TUPELO MS 38802

CONTROL NUMBER
51707919

**PLEASE DETACH**

01 SP 0.500  **SNGLP  T    1386 38802
0002494    -C01-P02494-I

RENASANT BANK
209 TROY ST
TUPELO MS 38802



1386-01-00-0002494-0001-of-0001-0003969