IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: MARVIN REX RANKIN III[1] SSN: xxx-xx-3901 | ) ) ) | Case No.: 20-80495-CRJ-11 |
| and | ) ) | |
| MARY BETH LEMMOND RANKIN SSN: xxx-xx-7950 | ) ) ) ) ) | |
| Debtors. | ) ) | CHAPTER 11 |

### DEBTORS' REPORT AND SUGGESTION OF SANCTIONS FOR GEORGE WAYNE WHITE AND GWW CPA LLC'S CONTEMPT OF COURT

COME NOW Marvin Rex Rankin III and Mary Beth Lemmond Rankin, RWS Charter LLC, and Bayport Corporation, Ltd. (collectively, the "**Debtors**"), and show unto this Honorable Court as follows:

### Background

1. Following the Debtors' unsuccessful attempts to voluntarily obtain documents and records relating to this bankruptcy case from George Wayne White, CPA ("**Mr. White**") and GWW CPA LLC ("**GWW**"), the Debtors filed a motion to compel turnover pursuant to Sections 542(e) and 543 of the Bankruptcy Code July 9, 2020 [Doc. 87] (the "**Compel Motion**").

2. Mr. White and GWW received copies of the Compel Motion by certified and first-class mail, along with notice of the July 27, 2020 hearing date. Neither Mr. White nor GWW produced any responsive records, filed a written response, or attended this Court's July 27, 2020 hearing on the Compel Motion.

3. At the hearing on the Compel Motion, this Court found cause and entered an order compelling turnover against Mr. White and GWW [Doc. 109] (the "**Compel Order**").

---

[1] In addition to Marin Rex Rankin III and Mary Beth Lemmond Rankin., the Debtors include the following: RWS Charter LLC, Case No. 20-80470-CRJ11; and Bayport Corporation, Ltd., Case No. 20-80471-CRJ11

4. Mr. White and GWW received copies of Compel Order via certified and first-class mail sent by the Debtors.

5. This Court held a hearing on August 10, 2020 to determine whether Mr. White and GWW complied with the Compel Order. Neither Mr. White nor GWW filed a written response or attended this Court's August 10, 2020 hearing. Debtors' counsel informed this Court that they had not received any documents or communication from Mr. White or GWW.

6. Thereafter, this Court entered an Order to Show Cause Why Mr. White and GWW Should Not be Held in Contempt for Failing to Comply with this Court's Order [Doc. 123] (the "**Show Cause Order**").

7. Mr. White and GWW received copies of Show Cause Order via certified and first-class mail sent by the Debtors.

8. On August 24, 2020, this Court held a hearing on the Show Cause Order. Once again, neither Mr. White nor GWW produced any records, filed any written responses, or attended this Court's August 24, 2020 hearing.

9. Thereafter, this Court held Mr. White and GWW in contempt of court and set a hearing on September 14, 2020 to determine appropriate sanctions. [Doc. 136.]

10. The Debtors have mailed copies of this Court's contempt of court order to Mr. White and GWW via certified and first-class mail.

11. As of the filing of this present pleading, Debtors' counsel states to the Court that neither Mr. White nor GWW have communicated with the Debtors' counsel or produced any records.

## Suggested Sanctions

12. The records sought are important to the Debtors' formation of plan of reorganization and may lead to the recovery of additional assets benefiting the Debtors' estate and its creditors.

13. Mr. White and GWW have received ample notice of this Court's numerous hearings and the records sought by the Debtors. Neither party has shown any cause for their failure to comply with the law and this Court's orders.

14. The Debtors and their estates have borne expenses related to their efforts to force compliance from Mr. White and GWW; the Debtors require counsel to draft documents and be present at hearings related to these turnover proceedings.

15. It is inequitable that the Debtors and their estates should bear the costs for Mr. White and GWW's failure to comply with this Court's orders.

16. Accordingly, the Debtors' suggest that an award of their incurred attorney's fees related to the turnover enforcement actions against Mr. White and GWW constitute appropriate sanctions in this matter.

17. To date, counsel for the Debtors have several drafted letters, two pleadings, two proposed orders, and have attended three hearings in connection with this turnover matter, and will attend this Court's upcoming September 14, 2020 sanctions hearing.

18. The costs and fees incurred are not duplicative, reflect the rates as which counsel is presently employed in this case, and are stated in detail in the Debtors' monthly fee notices served pursuant to this Court's Order Fixing Procedures for Periodic Interim Allowance of Compensation [Doc. 39].

19. The fees and expenses are as follows:

| | | |
|---|---|---|
| Tazewell Shepard III | 2.4 hours at $375.00 per hour | $ 900.00 |
| Tazewell Shepard IV | 5.9 hours at $325.00 per hour | $1,917.50 |
| Paralegal | 0.3 hours at $135 per hour | $ 81.00 |
| Reimbursable expenses for certified letters and required notices | | $ 72.50 |
| **TOTAL** | | **$2,971.00** |

20. Accordingly, the Debtors suggest that an award of $2,971.00 entered against George Wayne White, CPA and GWW CPA LLC, jointly and severally, constitute appropriate sanctions for the these parties contempt of court.

WHEREFORE, premises considered, Marvin Rex Rankin III and Mary Beth Lemmond Rankin, RWS Charter LLC, and Bayport Corporation, Ltd. suggest an award of attorney's fees and costs for sanctions in the amount of $2,971.00, awarded jointly and severally, against George Wayne White and GWW CPA LLC; and such further relief as the Court deems just and proper.

Respectfully submitted this the 3rd day of September, 2020.

        */s/ Tazewell T. Shepard IV*
        Tazewell T. Shepard III
        Tazewell T. Shepard IV
        *Attorneys to Chapter 11 Debtors*

        **SPARKMAN, SHEPARD & MORRIS, P.C.**
        P.O. Box 19045
        Huntsville, AL 35804
        (256) 512-9924
        ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 3rd day of September, 2020 served the foregoing document upon all addressees on the Clerk's Mailing Matrix, Richard M. Blythe, Office of the Bankruptcy Administrator, and all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

        */s/ Tazewell T. Shepard IV*
        Tazewell T. Shepard IV