IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: | ) |
| MARVIN REX RANKIN III,[1] | ) |
| SSN: XXX-XX-3901 | ) CASE NO. 20-80495-CRJ11 |
| MARY BETH LEMMOND RANKIN | ) |
| SSN: XXX-XX-7950 | ) |
| Debtors. | ) CHAPTER 11 |

**REPLY TO DEBTORS' RESPONSE IN OPPOSITION
TO BRYANT BANK'S MOTION FOR STAY RELIEF**

COMES NOW, Bryant Bank (the "Bank") by and through its undersigned counsel, and respectfully submits this reply to Debtors Marvin Rex Rankin III and Mary Beth Lemmond Rankin's Response in Opposition to Bryant Bank's Motion for Stay Relief [Doc No. 189] and Debtors RWS Charter, LLC, and Bayport Corporation Ltd's Response in Opposition to Bryant Bank's Motion for Stay Relief [Doc No. 188] as follows:

1. In their Responses, Debtors Marvin Rex Rankin III, Mary Beth Lemmond Rankin, RWS Charter, LLC and Bayport Corporation Ltd (hereafter collectively referred to as "Debtors") argue that the Bank's Motion for Relief from Automatic Stay ("Motion") should be denied because the Bank is over secured. Moreover, the Debtors state that everything was fine in this case so long as the Bank was paying the bills post-petition but now the Bank does not desire to do so, it is guilty of inequitable conduct and should not be allowed to liquidate its collateral.

---

[1] In addition to Marvin Rex Rankin III and Mary Beth Lemmond Rankin the Debtors include RWS Charter LLC, Case No. 20-80470-CRJ11 and Bayport Corporation Ltd, Case No. 20-80471-CRJ11. On March 12, 2020 this Court entered an Order procedurally consolidating these cases [Doc. 42].

1

2. Obviously, the Bank disputes that it has engaged in any inequitable conduct. On the contrary the Bank has paid over $30,000 post-petition to pay for insurance on the Collateral and hangar fees for which it is entitled an administrative claim. Furthermore, it has patiently waited for the Debtors to sell the real estate at issue all the while receiving zero adequate protection. The fact that the Bank has previously forborne from seeking relief in order to give the Debtors the opportunity to sell its property does not justify any further delay in the Bank being able to obtain stay relief and should not be used against it. This is why converting the RWS and Bayport cases to Chapter 7 is not in the best interests of the Estate or its creditors. Clearly, the Debtors have been unable to sell the real property which serves as Collateral. Granting the Bank stay relief will allow it the opportunity to sell these properties at current market value and give these Debtors full credit for the amount received, less costs of sale. The outcome under Chapter 7 is the same except that the net amount paid to the Bank will be significantly less which equates to a larger deficiency balance.

3. Also, the Debtors assertion that the Bank's proofs of claim preclude the Bank from pursuing its Motion is also misplaced. Contrary to the Debtors assertion, the Bank is not bound by the value contained within its proof of claim. Doing so would ignore the post-petition depreciation in the collateral based on the Debtor's possession and use. In this regard, the Supreme Court has recognized that valuation of a secured claim occurs as of the confirmation date. See, *Rake v. Wade,* 508 U.S. 464, ——, n. 8, 113 S.Ct. 2187, 2192, n. 8, 124 L.Ed.2d 424 (1993). (Section 1325(a)(5)(B) requires valuation of a secured claim at the date of confirmation). The Eleventh Circuit, has also recognized that valuation of a claim under Section 506 occurs in

connection with confirmation of a plan.  See, *Green Tree Acceptance, Inc. v. Calvert* (In re Calvert), 907 F.2d 1069, 1071, n.1 (11th Cir.1990).

4.  The Affidavit of Mark Cobb which was attached to the Bank's Motion as Exhibit 10 supports the fact that the Bank cannot be bound by the value in its proof of claim.  Cobb clearly states that the value of the Aircraft will decline if the logs are not maintained or maintenance performed on the Aircraft. Neither RWS nor Rex are performing these duties and therefore the value of the Aircraft is declining post-petition to the detriment of the Bank.

5.  RWS and Rex further argue that the Bank are not entitled to relief from the stay as to the Aircraft because the Debtors suspect that the Bank has not properly perfected its security interest in the airplane.  This assertion is incorrect. The Bank has previously attached to its Motion it's Aircraft Security Agreement. See Exhibit "6."   Attached to this Reply is a copy of an acknowledgment of the recordation of aircraft security conveyance that was filed with the FAA aircraft registry on December 2, 2013. See attached Exhibit "1."  Additionally, the Debtors have filed UCC 1 financing statements with both the Secretary of State for Alabama and for Florida.  See attached Exhibits "2" and "3" respectively.

6.  Pursuant to 14 C.F.R § 49.45 a release (defined as a discharge of a debt by act of the creditor) must be in a "form equivalent to AC Form 8050-41 and contain a description of the encumbrance, the recording information furnished to the holder at the time of recording, and the collateral released."  No such documentation exists in this case.  Therefore, the Bank's security interest Aircraft remains valid and outstanding.  The Bank's motion should not be denied based on the Debtors speculations.

3

Respectfully submitted on this 19th day of November, 2020.

                                                */s/ Kevin D. Heard*
                                                KEVIN D. HEARD

<u>Of Counsel:</u>
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921
Huntsville, Alabama 35801
Tel: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on this 19th day of November, 2020, I served a copy of the foregoing **Reply to Debtors' Response in Opposition to Bryant Bank's Motion for Stay Relief** on the parties listed below and on the attached matrix by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**
Richard M. Blythe Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov
James Cameron james@jmcgville.com, rhonda@jmcgville.com
Charles Paul Davis pdavis@cpdlaw.com, lyoung@cpdlaw.com, jgrayson@cpdlaw.com, mbeach@cpdlaw.com
Jackson E. Duncan Jackson.duncan@mccalla.com, mccallaecf@ecf.courtdrive.com
Robert J. Landry Robert_landry@alnba.uscourts.gov, courtmailann@alnba.uscourts.gov
Tracy A. Marion TAM@lanierford.com, dfrancois@lanierford.com
Tazewell Shepard taze@ssmattorneys.com, janelle@ssmattorneys.com
Tazewell Taylor Shepard ty@ssmattorneys.com, janelle@ssmattorneys.com
Paul Joseph Spina pspina@spinalavell.com

**Notice will not be electronically mailed to:**
PRA Receivables Management LLC
PO Box 41021
Norfolk, VA 23541

James H. Richardson
Richardson Maples PC

4

301 East Homes Ave., Suite 100
Huntsville, AL 35801

                                      */s/ Kevin D. Heard*
                                      KEVIN D. HEARD

Case 20-80495-CRJ11    Doc 193    Filed 11/19/20    Entered 11/19/20 12:27:15    Desc
Main Document      Page 5 of 5